IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Carroll Luther Lanham, <br>                       Plaintiff, <br> vs. <br> McMillan-Carter, Inc., <br>                       Defendant. | Civil Action No. 6:09-479-HFF-WMC <br> **REPORT OF MAGISTRATE JUDGE** |

This matter is before the court on the defendant's motion for a rule to show cause as to why this case should not be dismissed. In his complaint, the plaintiff, who is now proceeding *pro se*, alleges that he was terminated from employment with the defendant in violation of the Americans with Disabilities Act.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Rule 73.02(B)(2)(g), D.S.C., all pretrial matters in employment discrimination cases are referred to a United States Magistrate Judge for consideration.

On March 16, 2009, the defendant served discovery on the plaintiff, who at that time was represented by counsel. After the plaintiff continually refused to respond, the defendant filed a motion to compel, which this court granted. The plaintiff was given until July 8, 2009, to respond to the discovery requests. On July 9, 2009, the motion by plaintiff's counsel to be relieved was granted. Plaintiff's counsel noted in his motion that he was unable to contact the plaintiff and was thus unable to prosecute the case. This court gave the plaintiff through August 10, 2009, to obtain new counsel and stayed all pending deadlines pending further order. No attorney has filed an appearance on behalf of the plaintiff; thus it appears that the plaintiff is now proceeding *pro se.*

On August 11, 2009, the defendant filed its motion for rule to show cause as to why this case should not be dismissed based upon the plaintiff's continual refusal to prosecute his case and abide by the court's orders. According to the defendant, the plaintiff had not provided any responses to discovery as ordered, and neither the plaintiff nor anyone purporting to represent the plaintiff has contacted defense counsel. The plaintiff did not file a response to the motion.

On September 11, 2009, this court issued an order given the plaintiff through September 28, 2009 to provide responses to the defendant's discovery requests. The plaintiff was specifically warned that if he failed to provide discovery the case would be subject to dismissal for failing to abide by a prior discovery order pursuant to Federal Rule of Civil Procedure 37(b)(2)(A) and for failure to prosecute pursuant to Rule 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action . . . "). The plaintiff was further warned that the dismissal pursuant to these rules would be considered an adjudication on the merits, i.e., *with prejudice*.

On September 29, 2009, the defendant filed a document stating that the plaintiff did not provide the discovery responses as ordered by this court. Accordingly, the defendant moves for dismissal of this action.

Based upon the foregoing, it is recommended that this action be dismissed *with prejudice* pursuant to Federal Rules 37(b)(2)(A) and 41(b).

                                                    s/William M. Catoe
                                                    United States Magistrate Judge

October 5, 2009

Greenville, South Carolina